NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued May 19, 2010
Decided June 29, 2010

**Before**

SANDRA DAY O'CONNOR, *Associate Justice*[*]

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2600

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District |
| | of Wisconsin. |
| *v.* | |
| | No. 04-CR-00023 |
| NEAL K. ALLEN, | |
| *Defendant-Appellant*. | Barbara B. Crabb, |
| | *Judge*. |

**O R D E R**

Neal Allen pled guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341, and was ordered to pay restitution in the amount of $363,038 at his initial sentencing hearing. This Court vacated the restitution order and remanded for recalculation because the District Court

---

[*] The Honorable Sandra Day O'Connor, Associate Justice of the United States Supreme Court (Ret.), sitting by designation pursuant to 28 U.S.C. § 294(a).

failed to calculate the actual loss suffered by Allen's victims. *United States v. Allen*, 529 F.3d 390, 397 (7th Cir. 2008). On remand, the District Court held an evidentiary hearing and recalculated the amount of restitution owed by Allen. The case now comes to this Court a second time, with Allen again challenging the District Court's restitution calculation.

This Court has previously recounted the details of Allen's fraudulent scheme, *id.* at 391–93, so we provide only a brief account here. Allen falsely advertised himself as an expert in mold testing and mold remediation. He used falsified credentials claiming various degrees and prior positions that he never actually attained. Based on his advertisements, an attorney for the Lac du Flambeau ("LdF") Band of Lake Superior Chippewa Indians hired Allen to provide mold testing services. The tribe wanted the testing done to evaluate a potential legal claim against the United States and to assess a potential claim for federal funding. Based on Allen's advice, LdF contracted with him to provide air sampling and analysis of possible mold in approximately 400 LdF homes. Allen was also to provide remediation training and expert testimony for LdF. For his services, LdF paid Allen a total of $286,342. In the District Court's previous restitution calculation, it ordered Allen to pay that amount to LdF plus several thousand dollars that LdF paid to house Allen and his employees, for a total of slightly more than $290,000. The District Court also ordered Allen to pay an additional $71,345 in restitution to Aerotech Laboratories, which he owed for lab testing.

This Court vacated and remanded the restitution order because the District Court did not calculate the actual loss suffered by LdF. *Id.* at 397. That is to say, the District Court was required to, but did not, "take into account (and deduct) pecuniary value the victim(s) gained by way of the defendant's conduct" in its restitution calculation. *Id.* This Court did not express any opinion as to whether Allen's victims gained any pecuniary value from his services, but simply instructed the District Court to undertake that inquiry.

On remand, the parties agreed that Allen owed Aerotech $71,345, but disputed how much actual loss LdF suffered. The District Court held an evidentiary hearing to determine that amount. The Government argued that the initial restitution order should be discounted by approximately $55,000. The bulk of this deduction was based on the value of visual inspections that Allen performed of LdF homes and the remediation training he provided. In the Government's estimation, after this discount, Allen owed LdF approximately $238,000 in restitution. Allen argued that he owed less than that, believing that he should also get credit for air testing services he performed. The Government presented the live testimony of one expert, Daniel Feldt, and reports from three others, all concluding that the air testing was unnecessary and valueless to LdF. Feldt opined that visual inspections for mold are a sufficient detecting mechanism and that air testing is only advisable to measure the effects of remediation efforts or when a physician instructs that it is needed. Allen presented his own expert, who concluded

that the air testing had some value, although he did not specify how much.  The District Court agreed with the Government's experts that the air testing was of no value to LdF, and determined that LdF was owed $238,362 in restitution.

Allen argues on appeal that the District Court abused its discretion because it made its restitution calculation based on a clearly erroneous finding that the air testing was worthless. *See id.* ("We will review for an abuse of discretion whatever determination the district court makes about the actual loss suffered by the LdF"); *United States v. Adcock*, 534 F.3d 635, 643 (7th Cir. 2008) (reviewing factual determinations in support of restitution calculation for clear error). Allen's argument is little more than an assertion that his own expert was more credible than the four Government experts.  We will not revisit the District Court's determination that, under these circumstances, the air testing was unnecessary and worthless to LdF because there is sufficient support in the record and the determination was not clearly erroneous.  While Allen suggests that LdF would not have requested the air testing unless it was valuable, this overlooks the District Court's finding that the request itself was based on Allen's flawed and misleading advice.  We reject Allen's argument that the District Court abused its discretion in making its restitution calculation.

There is one remaining issue, raised by the Government.  The District Court ruled, both from the bench and in a subsequent opinion, that Allen owed restitution to LdF in the amount of $238,362 in addition to the $71,345 he owed Aerotech.  But the Court's judgment did not reflect this ruling.  The judgment provided that Allen owed a *total* of $238,362, consisting of $167,017 owed to LdF and the $71,345 owed to Aerotech.  This was clearly a clerical error, mistakenly subtracting Aerotech's award from LdF's award, as Allen's counsel admitted at oral argument.  We therefore remand the case to the District Court to correct the error.  *See United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005) (ordering district court to amend its written judgment in light of a calculation error).  The District Court's judgment should reflect that Allen owes LdF $238,362, and owes Aerotech $71,345, for a total of $309,707.

We AFFIRM in part, VACATE in part, and REMAND the case to the District Court for correction of its clerical error.